CALOGERO, Justice,
dissenting.
Defendants, acknowledged heroin addicts, were convicted of selling five tin foil packets of heroin (retail consumption quantities) to an undercover police officer. They were each sentenced to life imprisonment.
While perhaps not relevant to guilt or innocence, the degree of defendants’ in *1330 volvement and relative participation in drug trafficking is a factor affecting culpability of which in my view the jury should have been made aware, in light of defendants’ effort in this regard.
I would find merit in assignment of error number two, because I believe that cross examination, a right of large proportions to put it minimally, was improperly restricted. Defendants should have been allowed to develop facts concerning the various levels of heroin distribution. Recently we allowed the state to produce testimony concerning international trafficking in heroin with obvious prejudice to a non-addict defendant in State v. Franklin, 353 So.2d 1315 (La.1977). Whatever the technical distinctions between the two cases, we seem to adopt a double standard when we refuse to allow these defendants, where possibly to their advantage, to show the jury that they are indeed very small fish in a rather large pond.
For these reasons I dissent.